UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LEROY COLE AND MARTHA COLE**

v.                                                                                    **CASE NUMBER: 4:06CV113-P-B**

**BRISTOL-MYERS SQUIBB COMPANY
AND KYORIN PHARMACEUTICAL CO.,
LTD.**

## PROTECTIVE ORDER OF CONFIDENTIALITY

**BY ORDER** dated April 10, 2007, the Court found that entry of a protective order is necessary to protect the interests of the parties. **THEREFORE, IT IS ORDERED** that:

## SCOPE OF CONFIDENTIAL MATERIAL

1. This Protective Order of Confidentiality applies to all documents and other products of discovery, all information derived therefrom and including, but not limited to, all copies, excerpts or summaries thereof, obtained by above-captioned Plaintiffs (hereinafter "plaintiffs") or defendant Bristol-Myers Squibb Company (hereinafter "defendant") pursuant to the requirements of any court order, the requirements of self-executing discovery, or any other documents or discovery obtained by or through the provisions of Mississippi law (hereinafter "Discovery Material").

2. Discovery Material herein will be used only for the litigation of the action captioned *LEROY COLE and MARTHA COLE v. BRISTOL-MYERS SQUIBB COMPANY*, et al., case number: 4:06cv113 ("Litigation"), including any appeals of this Litigation. Confidential Discovery Material will not be disclosed except in accordance with the instant Protective Order of Confidentiality. Prior to giving access to any person falling within subparagraph 10(d) to Discovery Material designated as confidential pursuant to paragraph 3 of this Protective Order of Confidentiality, counsel for the party intending to disclose such confidential Discovery Material shall furnish a copy of this

Protective Order of Confidentiality to the person being given access. Any person falling within subparagraphs 10(d) being given access to Discovery Material shall execute a copy of this Protective Order of Confidentiality in the space provided on Exhibit A. Counsel retaining a testifying expert shall furnish a copy of this Protective Order of Confidentiality executed by the testifying expert to counsel who produced the Confidential Discovery Material at the time the Confidential Discovery Material is provided to the testifying expert, or at the time the party's expert designation is served, whichever is later. For purely consulting experts, the party retaining the expert shall furnish to the party who designated the Confidential Discovery Material a copy of the Protective Order of Confidentiality executed by the consulting expert at the conclusion of this lawsuit as to the party designating the Confidential Discovery Material.

## **DESIGNATION OF CONFIDENTIAL MATERIAL**

3. Persons producing Discovery Material may designate as confidential Discovery Material containing trade secrets, or other confidential or proprietary research, development, manufacturing or commercial or business information ("Confidential Discovery Material"). Without prejudice to the right of the producing party to object to the production of the following information or of the requesting party to seek production, the information subject to such designation shall include the producing party's:

    a. Customer names;

    b. Proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products and medicines, whether previously or currently marketed or under development;

    c. Clinical studies;

      d.      Information concerning competitors;

      e.      Production information;

      f.      Personnel records and information;

      g.      Financial information not publicly filed with any federal or state regulatory authorities; and

      h.      Information submitted to the FDA or other governmental agency, that under applicable regulations is exempt from disclosure under the Freedom of Information Act.

4.      Confidential Discovery Material, if a writing, shall have the following language stamped on the face of the writing, or shall otherwise have such language clearly marked: **"COLE: CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."** Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying but prior to the actual copying if done expeditiously. The stamp shall be affixed in such manner as not to obliterate or obscure any written matter. In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30 day period, the entire text of the deposition, including all testimony therein and exhibits thereto, shall be treated as confidential under this Protective Order of Confidentiality. In the event that the producing person inadvertently fails to designate Discovery Material as confidential in this or any other litigation, it may make such a designation subsequently by notifying all parties to whom such Discovery Material was produced, in writing as soon as practicable. After receipt of such notification, the parties to whom production

has been made shall treat the designated Discovery Material as confidential, subject to their right to dispute such designation in accordance with paragraph 5 hereof.

## USE OF CONFIDENTIAL MATERIAL

5. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

6. In the event that any question is asked at a deposition which a party or nonparty asserts calls for confidential information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law. Counsel for the deponent shall, either at the deposition or within thirty (30) days after receipt of the transcript thereof by said counsel, notify all counsel on the record or in writing, that the information provided in such answer is confidential.

7. Confidential Discovery Material shall be used solely for the purposes of this Litigation and for no other purpose without prior written approval from the Court or the prior written

consent of the producing person. All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Protective Order of Confidentiality consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order of Confidentiality and remedying any violations thereof.

8. This Protective Order of Confidentiality does not restrict or limit the use of Confidential Discovery Material at any hearing or trial. Nothing in this Protective Order of Confidentiality, however, shall prevent any party from seeking an appropriate protective order to govern such use of Confidential Discovery Material at a hearing or trial.

9. Any Confidential Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing any such Confidential Discovery Material shall be filed under seal and shall bear the legend:

> "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF CONFIDENTIALITY OF THE PARTIES AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER OF CONFIDENTIALITY. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."

Said Confidential Discovery Material and/or other papers shall be kept under seal until further order of the Court; however, said Confidential Discovery Material and other papers filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Protective Order of Confidentiality.

10. Confidential Discovery Material shall not be disclosed to anyone other than the following categories of persons:

a. The Court (and any appellate court), including court personnel, jurors, alternate jurors, and court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts as provided by the terms of this Protective Order of Confidentiality.

b. With respect to Confidential Discovery Material produced by plaintiffs, defendant's in-house counsel, in-house paralegals and outside counsel, including any attorneys employed by or retained by defendant's outside counsel who are assisting in connection within this Litigation, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by defendant's outside counsel.

c. With respect to Confidential Discovery Material produced by defendants, plaintiffs' attorneys in this Litigation, including the paralegal, clerical, secretarial, and other staff employed or retained by such counsel.

d. Retained experts, advisors and consultants (including persons directly employed by such experts, advisors and consultants), but only to the extent necessary to perform their work in connection with this Litigation.

(1) If plaintiffs or their counsel wish to disclose Confidential Discovery Material to an expert, advisor, or consultant who is an employee, officer, director, agent, contractor, subcontractor or consultant of any entity that is or potentially may be engaged in the research, development, manufacture or sale of any antibiotic product, or in any other way is or may be a potential competitor of Defendant, plaintiff(s) or his/her/their counsel shall promptly so notify the disclosing party's counsel, including with such notification a copy of the expert's curriculum vitae prior to disclosing any Confidential Discovery Material to that expert advisor or consultant. Within five (5) business days of receiving such notification and curriculum vitae, the disclosing party's counsel shall notify plaintiff's counsel whether the disclosing party objects to the disclosure of Confidential Discovery Material to the proposed expert. Any such objection shall be made in good faith and on reasonable grounds. If an objection is made and not resolved by the parties, the party objecting to disclosure shall file a motion (or letter to the Court) in support of that objection within seven (7) business days of the objection. Under no circumstances shall Confidential Discovery Material be disclosed to an expert, advisor, or consultant who is an employee, officer, director, agent, contractor, subcontractor or consultant of any entity that is or potentially may be engaged in the research, development, manufacture or sale of any antibiotic product, or in any other way is or may be a potential competitor of Defendant, unless and until the parties resolve the matter, the objection is withdrawn, the Court permits disclosure, or defendant fails to object to such

disclosure or file a motion in support of their objection within the times specified herein (or other schedule agreed among the parties).

(2) If counsel for Defendant wishes to disclose Confidential Discovery Material to an expert, advisor, or consultant who is an employee, officer, director, agent, contractor, subcontractor or consultant of any entity that is or potentially may be engaged in the research, development, manufacture or sale of any antibiotic product, or in any other way is or may be a potential competitor of Defendant, the Defendant wishing to make such disclosure or its counsel shall promptly so notify counsel for any Defendant who is a competitor or potential competitor of said entity, including with such notification a copy of the expert's curriculum vitae prior to disclosing any Confidential Discovery Material to that expert advisor or consultant. Within five (5) business days of receiving such notification and curriculum vitae, counsel for the Defendant(s) who is a competitor or potential competitor of said entity shall notify the counsel for the Defendant who wishes to make the disclosure whether they object to the disclosure of Confidential Discovery Material to the proposed expert. Any such objection shall be made in good faith and on reasonable grounds. If an objection is made and not resolved by the parties, the party making the objection shall file a motion (or letter to the Court) in support of that objection within seven (7) business days of the objection. Under no circumstances shall Confidential Discovery Material be disclosed to an expert, advisor, or consultant who is an employee, officer, director, agent, contractor, subcontractor or consultant of any entity that is or potentially may be engaged in the research, development, manufacture or sale of any antibiotic product, or in any other way is or may be a potential competitor of any Defendant, unless and until the parties resolve the matter, the objection is withdrawn, the Court permits disclosure, or the parties who oppose the disclosure fail to object to such disclosure or file a motion in support of their objection within the times specified herein (or other schedule agreed among the parties).

e. The author or recipient of the Confidential Discovery Material.

f. Such persons as the undersigned counsel shall consent to in writing before the proposed disclosure.

11. This Protective Order of Confidentiality shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Protective Order of Confidentiality if the information or documents are lawfully in their possession and/or lawfully obtained through discovery in this litigation or in any litigation in which such information was not designated as "confidential" or subject to a protective order or court order as "confidential" or subject to confidential treatment, or where there has been a final judgment (including any appeal therefrom) declaring that such information or documents are not confidential.

## DISPUTE OF CONFIDENTIAL DESIGNATION

12. If at any time a party wishes for any reason to dispute a designation of Discovery Material as confidential hereunder, such party shall notify the designating party of such dispute in writing, specifying the Discovery Material in dispute and the nature of the dispute. If the parties are unable amicably to resolve the dispute, the disputing party may apply by motion to the Court for a ruling as to whether the designated Discovery Material may properly be treated as confidential. The designating party shall have the burden of proof on such motion to establish the propriety of its confidentiality designation.

13. All Discovery Material designated as confidential under this Protective Order of Confidentiality, whether or not such designation is in dispute pursuant to 12 above, shall retain that designation and be treated as confidential in accordance with the terms hereof unless and until:

   a. The producing party agrees in writing that the material is no longer confidential and subject to the terms of this Protective Order of Confidentiality; or

   b. The Court enters an Order that the matter shall not be entitled to confidential status and that Order is not subject to an appellate stay within twenty (20) days after it is issued.

   c. The parties shall negotiate in good faith before filing any motion relating to this Protective Order of Confidentiality.

14. Any non-party may subscribe to the terms and protections of this Protective Order of Confidentiality by designating Discovery Materials that the non-party is producing (whether written documents, deposition testimony, or other) as set forth in paragraph 4 above.

## MISCELLANEOUS

15. This Protective Order of Confidentiality shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Protective Order of Confidentiality imply

that Discovery Material designated as confidential under the terms of this Protective Order of Confidentiality is properly discoverable, relevant or admissible in this or any other litigation.

16. The entry of this Protective Order of Confidentiality shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection at their discretion.

17. The terms of this Protective Order of Confidentiality shall survive and remain in effect after the termination of this Litigation. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of this Litigation.

18. Within fifteen (15) days of the termination of this Litigation as to the producing party, including all appeals, the parties shall return to counsel for the producing party the Confidential Discovery Material produced by the other party and all copies thereof, or the parties may agree upon appropriate methods of destruction.

19. If Confidential Material in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information without waiting ten (10) business days after first notifying counsel for the producing party in writing of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other

identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

20. All outside counsel, in-house counsel, plaintiffs' counsel, in-house paralegals and the employees and assistants of all counsel receiving discovery shall take all steps reasonably necessary to prevent the disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order of Confidentiality.

21. Disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order of Confidentiality may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

**SO ORDERED** this, the 19th day of April, 2007.

/s/ Eugene M. Bogen  
U. S. MAGISTRATE JUDGE

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI

**LEROY COLE AND MARTHA COLE**

**v.**                                          **CASE NUMBER: 4:06CV113P.B.**

**BRISTOL-MYERS SQUIBB COMPANY
AND KYORIN PHARMACEUTICAL CO.,
LTD.**

## ENDORSEMENT OF AGREED PROTECTIVE ORDER OF CONFIDENTIALITY

      I hereby attest to my understanding that information or documents designated confidential are provided to me subject to the Confidentiality and Protective Order of Confidentiality for the Protection of Confidential Information, dated _____, 2007 (the "Protective Order of Confidentiality"), in the above-captioned litigation; that I have been given a copy of and have read the Protective Order of Confidentiality, and that I agree to be bound by its terms. I also understand that my execution of this Protective Order of Confidentiality, indicating my agreement to be bound by the Protective Order of Confidentiality is a prerequisite to my review of any information or documents designated as confidential pursuant to the Protective Order of Confidentiality.

      I further agree that I shall not disclose to others, except in accord with the Protective Order of Confidentiality, any Confidential Discovery Material, in any form whatsoever, and that such Confidential Discovery Material, in any form whatsoever, and the information contained therein may be used only for the purposes authorized by the Protective Order of Confidentiality.

      I further agree and attest to my understanding that my obligation to honor the confidentiality of such Discovery Material and information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Agreement, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, Northern District of Mississippi for the purposes of any proceedings relating to enforcement of the Protective Order of Confidentiality.

I further agree to be bound by and to comply with the terms of the Protective Order of Confidentiality as soon as I sign this Agreement, whether or not the Protective Order of Confidentiality has yet been entered as an Order of the Court.

Dated:

[Expert Witness]


Subscribed and sworn to before me on
this        day of                    , 2007.


Notary Public